IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH MARCELL YATES, | ) |
| Plaintiff | ) Case No. 1:19-cv-0006 |
| vs. | ) |
| SCI FOREST MEDICAL DEPARTMENT, | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| Defendant | ) MEMORANDUM OPINION AND |
| | ) ORDER ON DEFENDANT'S MOTION |
| | ) TO DISMISS |
| | ) ECF NO. 17 |

Plaintiff Keith Marcell Yates (Yates) filed a Complaint, pro se, against the Defendant SCI Forest Medical Department (Medical Department). ECF No. 9. The Medical Department has filed a Motion to Dismiss for lack of jurisdiction. ECF No. 17. For the foregoing reasons, the Court will grant the motion, without prejudice.

I.   The Complaint

Yates filed a Complaint in the United States District Court for the Eastern District of Pennsylvania. See ECF No. 2. The case was subsequently transferred to this Court. ECF No. 5. The sole Defendant identified was SCI Forest Medical Department. ECF No. 9, p. 4. The only claim is stated as follows:

> There has been a non action [sic] of necessary medical attention as of November 28, 2018. I am now at a point physically of needing to drink water in heavy doses to prevent cerebral hemorahaging [sic]. Symptoms of colon-fibered hemorahaging [sic] and tearing, passive blood flow, and muscular dystrophy also have become depravation to my natural state of well-being. Although through grieving the Medical Department for non-adherance [sic] to the reality of my condition – which of first began as gastrointestinal complications, I have not received any type of care.

*Id.* at p. 7. As far as relief requested, Yates seeks "outside medical help through parole relief." *Id.*

1

II. The Motion to Dismiss

The Medical Department filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). Such motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In considering a Rule 12(b)(1) motion to dismiss, the Court assumes that Yate's allegations are true. *Id.* The Medical Department argues that it is immune from this lawsuit under the Eleventh Amendment to the Constitution.[1] Under the Eleventh Amendment, a federal court is prohibited from hearing a suit against a state unless the state has consented to such a suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Amendment also bars suits "against a state agency or department." *Kish v. Verniero*, 212 B.R. 808, 814 (D.N.J. 1997). This is because a "subdivision of the state itself is also not a 'person' if it is merely an alter ego or 'arm' of the state." *Longoria v. State of N.J.*, 168 F. Supp. 2d 308, 315 (citing *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 658-59 (3d Cir.), *cert. denied*, 493 U.S. 850 (1995)). The Third Circuit has noted that the proper means for raising a federal court subject matter jurisdiction bar under the Eleventh Amendment is Rule 12(b)(1). *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).

III. Discussion

Here, the Medical Department, as part of the Pennsylvania Department of Corrections, has not consented to suit or waived its immunity. The Eleventh Amendment thus protects the Medical Department from liability, as it is either the state itself or at least the "alter ego" of the Commonwealth. *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (finding that the

---

[1] The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

2

Pennsylvania Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity"). Yates' claims against the Medical Department are barred by the Eleventh Amendment. This Court lacks subject matter jurisdiction to review this matter and must dismiss it pursuant to Fed. R. Civ. 12(b)(1). The Defendant's Motion to Dismiss will be granted.

III. Leave to Amend

As noted, Yates is proceeding pro se. Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014). In this case, Yates attempts to allege what may be serious medical need and a lack of care therefor. So then, and out of an abundance of caution, his Complaint is dismissed without prejudice, to Yates filing an Amended Complaint without fourteen (14) days of the date of this Memorandum Opinion. Failure to file an Amended Complaint, identifying individuals responsible for the alleged deprivations of medical care, will result in this matter being dismissed, with prejudice, in a subsequent order.

IV. Order

Defendant's Motion to Dismiss [ECF No. 17] is GRANTED, without prejudice. Yates may file an Amended Complaint in an attempt to cure the deficiencies noted in this Memorandum Opinion within thirty (30) days of the date of this order. <u>Any Amended Complaint must name specific individual defendants and allege how each named defendant was personally involved in the purported violation of his rights.</u> *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir.1988) (dismissing claims against defendants where plaintiff had not averred personal involvement in the alleged wrongs). If no Amended Complaint is filed within that time, this matter will be dismissed with prejudice and the case will be closed.

3

Entered and ordered this 2nd day of March, 2020.

_____
RICHARD A. LANZILLO
United States Magistrate Judge